The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and over the subject matter of this action.
2. On or about 30 September 1997, the defendant-employer employed more than three employees, and the parties were bound by and subject to the provisions of the North Carolina Workers Compensation Act.
3. On or about 30 September 1997, an employee-employer relationship existed between the plaintiff and the defendant-employer.
4. On or about 30 September 1997, the defendant-employer provided workers compensation insurance coverage to its employees.
5. On or about 30 September 1997, the plaintiff was employed by the defendant-employer at an average weekly wage of $421.00.
6. The plaintiff was out of work from 1 October 1997 to 15 December 1997, and returned to work for the defendant-employer on 15 December 1997.
7. The plaintiff received short-term disability benefits through a plan funded by the defendant-employer at the rate of $184.99 per week for the period from 27 October 1997 through 14 December 1997.
***********
The following evidence was received:
1. Stipulated Exhibit 1: the plaintiffs medical records, including the 12 additional pages submitted after the hearing.
2. Plaintiffs Exhibit 1: accident report dated 21 May 1997.
3. Defendants Exhibit 1: accident report dated 21 October 1997.
4. Defendants Exhibit 3: Dr. Jones note of 6 June 1997.
5. Defendants Exhibit 5: defendant-employers nurses notes.
6. Plaintiffs Deposition Exhibit 1 from Greer deposition: attendance record.
7. Plaintiffs Deposition Exhibit 1 from Macedo deposition: 7 pages medical records.
8. Plaintiffs Deposition Exhibit 1 from McAvoy deposition: 7 pages medical records.
***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. The plaintiff is a thirty-seven year old high school graduate who has been employed with the defendant-employer since December 1989 as a production operator. Her duties include making muffins, putting pans on the line and lifting boxes.
2. She fell off a ladder at work and sustained a low back injury in November 1996.
3. On 16 May 1997, the plaintiff sustained another injury to her low back when she slipped while pushing a cage of pans at work. She immediately reported this injury to her supervisor and was taken to the emergency room at Nash General Hospital, where she was diagnosed with an acute lumbosacral strain. Thereafter, she came under the care of Dr. Robert Jones, who last saw her on 6 June 1997 and reported that her trapezius and lumbar strain had resolved. The plaintiff was on light duty for two weeks as a result of this injury, but missed no time from work.
4. The plaintiff continued to work as a production operator and did not complain of continuing back pain to her supervisor, to the plant nurse, or to the safety coordinator. Two to three weeks prior to 30 September 1997, the plaintiff began experiencing back pain. On two dates in September 1997, the plaintiff went to the defendant-employers on-site nurse complaining of pain in her left leg.
5. The plaintiff left work early on 30 September 1997 and was absent from 1 October 1997 until 15 December 1997.
6. On or about 1 October 1997, the plaintiff called Shirley Greer, the defendant-employers safety coordinator, and told her that she was having problems with her back. The plaintiff did not report any precipitating accident or incident at work. The plaintiff subsequently reported to Nancy Batchelor, the defendant-employers on-site nurse, that she injured her back on 25 September 1997. The plaintiff did not report to the nurse that she had suffered pain lifting boxes at work.
7. On 3 October 1997, the plaintiff was seen by Dr. McAvoy, an orthopedic surgeon, with complaints of low back pain radiating into her buttock and left leg. The plaintiff told him that the low back pain had been present for a few weeks, but that four days prior her pain had progressed to her buttock, thigh and left leg. She reported no specific incident or accident to him, and based upon her reports, he determined that the pain had an insidious onset that developed over a few weeks. Dr. McAvoy saw the plaintiff again on 7 October 1997, at which time she complained of worsening pain. He wrote her out of work, prescribed medication and physical therapy, and told her to return in a week. She never returned to him.
8. On 4 October 1997, the plaintiff was seen at the emergency room of Nash General Hospital with complaints of back and left leg pain which she said had begun "out of the blue and lasted for about a week. She denied an injury. The plaintiff also reported that she had injured her back at work two months prior, but that it had cleared up.
9. The plaintiff began treating with Dr. Macedo, a neurosurgeon, on 4 November 1997 with complaints of low back pain and left-sided pain. She reported that she had been involved in three accidents at work, the last of which was in September 1997. She reported that in September 1997, she felt a pull in her low back muscles while lifting and felt low back pain with radiation to the left leg. An MRI taken on 11 November 1997 revealed an enlarged herniated disk at L5-S1. The plaintiff improved with conservative treatment and Dr. Macedo released her to return to full-time work on 15 December 1997. He last saw the plaintiff on 3 December 1998.
10. The plaintiff claims that she injured her back at work on 30 September 1997 when she was lifting boxes of cups off of the floor and pans off the line and felt a pull from her low back to her left leg, after which she was moving pans onto a conveyer belt and felt a pain down her left leg. However, based upon her reports to the defendant-employers nurse and safety coordinator, and to Dr. McAvoy and the emergency room attendants at Nash General Hospital, the Full Commission finds that the plaintiff failed to meet her burden of establishing by the greater weight of the evidence that there was such a specific traumatic incident.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff did not sustain an injury by accident arising out of or in the course of her employment with the defendant-employer or an injury resulting from a specific traumatic incident of her assigned work with the defendant-employer in September 1997. N.C. Gen. Stat. 97-2(6).
2. The plaintiff is therefore not entitled to benefits under the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2 etseq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The plaintiffs claim must be and the same is therefore DENIED.
2. Each side shall bear its own costs.
This 15th day of December 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER